133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvaro Mateo RAMIREZ-CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alvaro Mateo Ramirez-Cruz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision finding him statutorily ineligible for suspension of deportation under 8 U.S.C. § 1254(a)(1). We dismiss the petition for lack of jurisdiction.
 
 
 3
 Ramirez-Cruz contends that his deportation to Mexico would cause extreme hardship to himself and his citizen son because his son requires specialized medical care and supervision to treat a heart condition. Ramirez-Cruz, however, failed to exhaust his administrative remedies by first raising this contention before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994); Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). Accordingly, we dismiss Ramirez-Cruz's petition for lack of jurisdiction. See Rashtabadi, 23 F.3d at 1567.
 
 PETITION FOR REVIEW DISMISSED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Ramirez-Cruz does not otherwise challenge the BIA's determination that he was statutorily ineligible for suspension of deportation, we conclude that he has waived his right to challenge this conclusion. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996), cert. denied, 118 S.Ct. 49 (1997)